IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 55 KENMORE LANE, LLC,<br>*Assignee of Kenmore Woods, LLC* | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | CIVIL ACTION NO. 10-1089<br>:<br>: |
| UPPER PROVIDENCE TOWNSHIP,<br>UPPER PROVIDENCE TOWNSHIP<br>SEWER AUTHORITY, | :<br>:<br>:<br>: |
| Defendants. | : |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE  November 30th, 2010
UNITED STATES MAGISTRATE JUDGE

Presently before the Court is "Defendants', Upper Providence Township and Upper Providence Township Sewer Authority, Motion for Reconsideration" (Doc. 31.) of the Court's Order of November 15, 2010 as explained by our Memorandum Opinion of November 16, 2010. By that Motion, Defendants ask the Court to reconsider its decision to deny Defendants' Motion for Summary Judgment with respect to the Defendant Upper Providence Township ("UPT"); to deny Defendants' Motion for Summary Judgment with respect to Plaintiff's misrepresentation claim as set out in Count Three of its complaint and to deny Defendants' request to relinquish jurisdiction by dismissing the remaining claims without prejudice so that they could be refiled and disposed of in state court. Plaintiff has filed its "Answer of Plaintiff, Kenmore Woods, LLC, to Motion for Reconsideration of Upper Providence Township and Upper Providence Township Sewer Authority" (Doc. 35) and the Court has heard from counsel on oral argument on November 23, 2010 at which time the Court advised the parties that it would reconsider its ruling of November 15, 2010.

First, we note that Plaintiff does not now oppose this Motion with respect to the Defendant UPT and concedes that "all conduct herein was completed by the Upper Providence Township Sewer Authority." (Doc. 35 at ¶ 6.) Accordingly, summary judgment will be entered in favor of defendant UPT as to all its claims.

Second, we accept Defendant Upper Providence Township Sewer Authority's (the "Authority") argument, advanced here for the first time, that it is entitled to immunity under 42 Pa. C.S.A. § 8541 from liability for intentional misrepresentation and that this defense is not waivable. *See Talewicz v. SEPTA*, 529 Pa. 588, 594 (1992). The Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S.A. § 8541, provides for general immunity from liability for municipalities, subject to certain exceptions. Those exceptions are enumerated in § 8542, which provides in relevant part:

> "(a) Liability imposed.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) **The injury was caused by the negligent acts of the local agency** or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). **As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.**"
>
> 42 Pa.C.S.A. § 8542 (emphasis added).

Plaintiff does not challenge the timeliness of Defendants raising of this defense, but rather asserts that the misrepresentation claim encompasses a failure to disclose that is "not intentional nor

2

willful misconduct" (Doc. 35, p. 11 of 14) and suggests that its claim should be considered, at least in part, as one under Restatement of Torts 551 "Liability for Non-Disclosure." We agree with Plaintiff that aspects of its misrepresentation claim appear to involve elements of non-disclosure. However, the PSTCA excludes all "willful misconduct" without distinction between affirmative misrepresentations and non-disclosure. The reference to Restatement § 551 certainly makes clear that liability requires that the non-disclosure there occurs under circumstances where the actor has clear knowledge of facts that it either has a duty to disclose or under the circumstances knows that the second party lacks the knowledge and is being misled. This section of the Restatement imparts something more than negligence, and, in our view, would properly be said to constitute willful misconduct of the type covered by the immunity provision.

Further, Plaintiff has not provided any legal authority for the proposition that the cause of action described in Restatement § 551 is not covered by the immunity granted under the PSTCA. Rather, Pennsylvania precedent indicates that "willful misconduct" includes the mental state(s) described by Restatement § 551. *Renk v. City of Pittsburgh*, 537 Pa. 68, 75 (1993) ("Willful misconduct, for the purposes of tort law, has been defined by our Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.")

Plaintiff's complaint also indicates that its representation claim is based upon an allegation of intentional misconduct. In Paragraph Fifty Three, Plaintiff describes the factual basis for its claim as that "Defendants, Township and Authority, intentionally and/or by their conduct misrepresented and misled Kenmore. . ." (Doc. 1 at ¶ 53.) Again, in Paragraph Fifty Four, Plaintiff alleges that "Township and Authority intentionally misled and misrepresented to Kenmore..." (*Id.* at ¶ 54.)

3

Plaintiff makes no mention in its complaint of negligent, reckless, or, more broadly, "unintentional" conduct by any of the defendants as forming the basis for its misrepresentation claim as set out in Count Three of its complaint.

It is sufficiently clear from Plaintiff's complaint and its citation to Restatement § 551 that the misrepresentation claim is based upon alleged intentional misconduct by Defendant. As such, the claim is one of "willful misconduct" for which the PSTCA provides the Authority with immunity. We will accordingly grant Defendant's motion to dismiss Plaintiff's misrepresentation claim.

Finally, we will deny Defendant's request that the case should be dismissed with prejudice so that Plaintiff may re-file and pursue its claims in state court. Defendant has not offered any novel arguments which would justify reconsideration of this issue. Its argument that the remaining claims involve only issues of state law was previously made and rejected in our Memorandum Opinion of November 16, 2010. (Doc. 30.) We will continue to deny Defendant's motion to dismiss without prejudice. Trial shall commence on **Monday, December 6, 2010** at **9:30 a.m.**, **Courtroom 3H**.

BY THE COURT

 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE